**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4087**

———————

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

ROBERT L. COLEY,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:14-cr-00102-JAG-1)

———————

Submitted: August 31, 2015      Decided: September 9, 2015

———————

Before DUNCAN and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Geremy C. Kamens, Acting Federal Public Defender, Caroline S. Platt, Appellate Attorney, Carolyn V. Grady, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Dominick S. Gerace, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert L. Coley appeals his jury conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Coley challenges the district court's denial of his motion to suppress. Finding no error, we affirm.

Coley's motion to suppress challenged the protective weapons frisk that preceded his arrest. We review factual findings underlying a district court's denial of a motion to suppress for clear error and legal conclusions de novo. United States v. Hill, 776 F.3d 243, 247 (4th Cir. 2015). A Fourth Amendment seizure occurs when a "[police] officer, by means of physical force or show of authority, terminates or restrains [an individual's] freedom of movement." Brendlin v. California, 551 U.S. 249, 254 (2007) (internal quotation marks omitted). "[I]f the officer has a 'reasonable fear for his own and others' safety' based on an articulable suspicion that the suspect may be 'armed and presently dangerous,' the officer may conduct a protective search of, i.e., frisk, the outer layers of the suspect's clothing for weapons." United States v. Holmes, 376 F.3d 270, 275 (4th Cir. 2004) (quoting Terry v. Ohio, 392 U.S. 1, 30-31 (1968)).

Our de novo review of the record confirms that the district court did not err in finding that, based on the totality of the circumstances, the officers had a reasonable, articulable

2

suspicion that Coley might be armed and dangerous at the time they frisked him for weapons. See United States v. George, 732 F.3d 296, 300 (4th Cir. 2013) ("[M]ultiple factors may be taken together to create a reasonable suspicion even where each factor, taken alone, would be insufficient."), cert. denied, 134 S. Ct. 1530 (2014). We therefore conclude that the district court correctly denied Coley's motion to suppress.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED